Jones, J.
(concurring). I am in agreement with the majority as to the disposition of this appeal. I cannot concur, however, in as broad an apparent condemnation of the so-called Eichleay formula as the majority opinion might be read to express.
In my analysis the Eichleay formula may be a useful and *690 acceptable tool in some cases for measuring damages when there is an unavoidable inability precisely to allocate items of head-office expense to a particular construction project. Indeed on the new trial that could prove to be true in this case.
The difficulty with the determination of damages made by the jury here, which mandates reversal, is that the claimant, which had the burden of proof, wholly failed in this instance to introduce evidentiary proof which might have served as a predicate for application of the Eichleay formula (or indeed of any other formula). As the majority opinion points out, there is no direct proof in this record that the delay caused any additional office overhead expense. Absent evidence that there was some such damage, there is no occasion to apply any rule to measure its extent. Because the jury here did not separately identify the component of office overhead in its general verdict as to delay damages, there must be a new trial on the issue of damages.
If it can be shown that the maintenance of head-office functions, in whole or more likely in part, was required to complete the balance of the work to be performed, a determination may then be in order as to the proper amount of the total office expense properly to be allocated to the conceded delay. There must be some evidence, however, of the causal relationship between delay and additional expense incurred. Depending on the proof, the Eichleay formula might be one acceptable means of measuring this component of the damages sustained by claimant in consequence of the delay.
I would also suggest that it is irrelevant that in the abstract the Eichleay formula, related as it directly is to the period of delay, would produce the same result whether there remained 1% or 99% of the job to be completed. The determinative consideration must be the extent of head-office services required for the completion of the job. That in turn would depend, not on any ratio of the work to be completed to total work to be performed, but on the nature of the work that remained to be completed and the extent to which head-office services and facilities were reasonably required for such completion.
In short, in my analysis, the difficulty in this instance is not with the Eichleay formula itself but arises from the total absence of proof to warrant its application.
Judges Gabrielli, Wachtler, and Cooke concur with Judge *691 Fuchsberg; Judge Jones concurs in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Order reversed, with costs, and the case remitted to Supreme Court, New York County, for a new trial limited to the issue of delay damages.